UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLO PATAGUE and JOSIE PATAGUE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>WELLS FARGO BANK, N.A., FIDELITY NATIONAL TITLE INSURANCE COMPANY, FIRST AMERICAN LONESTAR TRUSTEE SERVICES, LLC, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No: C 10-03460 SBA<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Docket 11, 17 |

　　　　Plaintiffs Carlito Patague and Josie Patague (collectively "Plaintiffs") filed the instant mortgage fraud action against Defendants Wells Fargo Bank, N.A. ("WFB"), and Fidelity National Title Insurance Company ("Fidelity"), among others, in Santa Clara County Superior Court. WFB removed the action under 28 U.S.C. § 1441(b) on the ground that Plaintiff had alleged federal claims under the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"). The parties are presently before the Court on WFB and Fidelity's separate motions to dismiss, pursuant to the Federal Rules of Civil Procedure 12(b)(6). Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the motion as to Plaintiffs' TILA and RESPA claims, and remands the remaining state law causes of action to state court. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

The following facts are based on the allegations in the Complaint, which are presumed true for the purposes of this motion. On June 21, 2005, Plaintiffs obtained a $400,000 mortgage from WFB for property ("the Property") located at 2282 Tomlin Way, San Jose, California. Compl. ¶¶ 1, 2. The mortgage was structured as a 5/1 fixed mortgage, meaning that the interest rate for the first five years of the loan remained fixed at 5.375%, and thereafter would be subject to an annual adjustment, beginning on July 1, 2010. Id. ¶ 2. On an undisclosed date, WFB foreclosed on its mortgage and currently holds title to the Property. Id. ¶ 2. Plaintiffs now attack the foreclosure as improper and claim that Defendants failed to comport with TILA and RESPA in the handling and approval of their mortgage.

On or about July 15, 2010, Plaintiffs filed a pro se complaint in Santa Clara County Superior Court against WFB, Fidelity, Fidelity Brokers and First American Lonestar Trustee Services, LLC. The Complaint alleges twenty-one causes of action, including claim for alleged violations of TILA (fifth cause of action) and RESPA (sixth cause of action). The remaining nineteen claims are based on state law. WFB and Fidelity have now filed motions to dismiss all claims alleged in the Complaint. Plaintiffs filed an untimely and oversized thirty-four page brief in opposition to each motion.[1] The matter has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Those facts must be

---

[1] Plaintiffs did not request or obtain leave of court to file an oversized brief or an extension of time to file their opposition less than twenty-one days prior to the noticed hearing date on the motion. Although Plaintiffs' briefs violate the Local Rules, the Court will consider the arguments contained therein.

1  sufficient to push the claims "across the line from conceivable to plausible[.]"  Ashcroft v.
2  Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1951 (2009) (quoting Twombly, 550 U.S. at 557).  In
3  deciding a Rule 12(b)(6) motion, the court  "may generally consider only allegations
4  contained in the pleadings, exhibits attached to the complaint, and matters properly subject
5  to judicial notice[.]"  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage
6  Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d
7  1090, 1096 (9th Cir. 2008).  The court is to "accept all factual allegations in the complaint
8  as true and construe the pleadings in the light most favorable to the nonmoving party."
9  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  If
10 the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is
11 clear the complaint cannot be saved by amendment.  See Sparling v. Daou, 411 F.3d 1006,
12 1013 (9th Cir. 2005).

### III.  DISCUSSION

#### A.  TILA

The purpose of TILA is to assure a meaningful disclosure of credit terms so that consumers can understand more readily various available terms and avoid the uninformed use of credit.  15 U.S.C. § 1601(a); Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009).  TILA requires the lender to disclose to borrowers specific information, including notice of their right to rescind (i.e., cancel) a transaction.  See 15 U.S.C. §§ 1635, 1638; 12 C.F.R. § 226.23(b)(1).  TILA provides borrowers two remedies for disclosure violations:  (1) rescission, 15 U.S.C. § 1635; and (2) damages, 15 U.S.C. § 1640.

In credit transactions involving the borrower's principle dwelling, the borrower has the right to rescind the transaction up to midnight of the third business day following the consummation of a loan transaction.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a).  If the lender fails to provide a notice of the right to rescind or the disclosures required by TILA, the time limit for rescission is extended to "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,…"  15 U.S.C.

§ 1635(f); 12 C.F.R. § 226.23(a)(3); see Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002).  An action for damages under TILA must be commenced within one year of the occurrence of the violation.  15 U.S.C. § 1640(e).  The TILA claim accrues on the date the loan transaction closes.  Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.").  In this case, Plaintiffs' signed their loan papers in June 2005, but did not file their complaint until over five years later on July 15, 2010.  As such, Plaintiffs' TILA claim, whether for damages or rescission, is time-barred.

Though not entirely clear, Plaintiffs appear to argue that the statute of limitations should be equitably tolled until the interest rate on their mortgage actually changed.  Id.  In the context of a TILA claim, equitable tolling can "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the ... action."  King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986).  Application of the equitable tolling doctrine requires the plaintiff to allege facts sufficient to establish that "the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period[.]"  Lingad v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1147 (2010).

Here, the pleadings establish that Plaintiffs were on notice *when the loan closed in June 2005* that their interest rate was subject to change.  The Fixed/Adjustable Rate Rider ("Rider") attached to the Deed of Trust expressly states that the initial interest rate of 5.375% remains fixed for the first five years of the loan, but becomes adjustable on an annual basis beginning on July 1, 2010.  RJN Ex. A, Dkt. 17-2 at 23.[2]  The Rider specifies

---

[2] The Complaint expressly references the Deed of Trust and the terms contained therein.  Defendant WFB has attached a copy of the Deed of Trust to its Request for Judicial Notice.  In addition, Plaintiffs have appended a copy of the same to their opposition briefs.  As such, the Deed of Trust is incorporated into the pleadings and may be considered by the Court on a motion to dismiss.  See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (noting that under the "incorporation by reference" doctrine, courts are permitted to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading.").

that the variable interest rate is based on an "Index," which is defined as "the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board." Id.  Thus, it is clear that Plaintiffs were on actual notice that the interest rate was fixed only for a limited period of time, and would be subject to annual adjustment beginning July 1, 2010.  The possibility that Plaintiffs may not have been aware what the actual interest rate might eventually become does not obviate the fact that they knew when they closed on the loan that they were entering into an adjustable rate mortgage.  Thus, under these circumstances, the Court finds equitable tolling does not save Plaintiffs' TILA claim.  See Meyer, 342 F.3d at 902.  Defendants' motion to dismiss Plaintiffs' TILA claim is GRANTED.  Because no amendment could cure this deficiency, this claim is dismissed without leave to amend.

### B. RESPA

In enacting RESPA, Congress found "that significant reforms in the real estate settlement process are needed to insure that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices . . . ." 12 U.S.C. § 2601(a).  The purpose of RESPA was to effect certain changes in the loan settlement process that will result, inter alia, "in more effective advance disclosure to home buyers and sellers of settlement costs" and "in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(b)(1) & (2).

RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(d); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f).  The statute of limitations for a RESPA claim is three years for violations

of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 "from the date of the occurrence of the violation[.]"  12 U.S.C. § 2614.

The Complaint does not specify what provision of RESPA Defendants allegedly violated, nor is that determination readily apparent from the allegations in the pleadings.  In an entirely conclusory manner, Plaintiffs allege that: "Defendants violated because the payment schedule was misleading and designed to create a windfall to [WFB].  Plaintiffs had no indication that they could not afford this loan."  Compl. ¶ 70.  The obligation to provide the debtor with a payment schedule arises under TILA, not RESPA. See 15 U.S.C. § 1638(a)(6); 12 C.F.R. § 226.18(g).  As such, Plaintiff has failed to state a claim under RESPA. But even if Plaintiffs' claim were cognizable under RESPA, it is time-barred because Plaintiffs commenced this action more than three years after their loan closed, which is when the statute commenced to run.  See 12 U.S.C. § 2614; Bloom v. Martin, 865 F. Supp. 1377, 1386-87 (N.D. Cal. 1994), aff'd, 77 F.3d 318 (9th Cir. 1996).  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's sixth claim for relief under RESPA, which is dismissed without leave to amend.

### C.   SUPPLEMENTAL JURISDICTION

Plaintiffs' remaining causes of action are based on state law.  When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).  Given the lack of any remaining federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and remands the action to the state court from which it was removed.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.");

Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants WFB and Fidelity's motions to dismiss are GRANTED, in part, as to Plaintiff's claims under TILA and RESPA, which are DISMISSED WITHOUT LEAVE TO AMEND.

2. The instant action is REMANDED to the Superior Court of California, County of Santa Clara, pursuant to 28 U.S.C. § 1447(c). The Clerk shall close the file and terminate any pending matters in this Court's docket.

IT IS SO ORDERED.

Dated:  November 5, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PATAGUE et al,

        Plaintiff,

  v.

WELLS FARGO BANK N.A et al,

        Defendant.
_____/

Case Number: CV10-03460 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlito Patague
2282 Tomlin Way
San Jose, CA 95133

Josie Patague
2282 Tomlin Way
San Jose, CA 95133

Dated: November 8, 2010

                           Richard W. Wieking, Clerk

                                By: LISA R CLARK, Deputy Clerk